UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LUIS A. MURILLO-ABREGO,

*Petitioner,*

– against –

PAM BONDI, *Attorney General of the United States*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*, BRIAN FLANAGAN, *Acting Deputy Field Office Director for ICE in New York City Area*,

*Respondents.*

**ORDER**
26-cv-01358 (RPK)

---

**NATASHA C. MERLE**, United States District Judge:

On March 9, 2026, petitioner, through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that he is being detained by respondents in violation of his constitutional and statutory rights. Among other relief, petitioner requests that the Court order respondents to show cause why the petition should not be granted, order respondents not to transfer petitioner outside of the New York City metropolitan area, and ultimately issue a writ of habeas corpus ordering respondents to release petitioner. Pet. 11–12.[1] The following day, the Court ordered respondents to show cause why the Petition should not be granted. *See* ECF Order dated Mar. 10, 2026 ("OTSC").

---

[1]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

On March 15, 2026, respondents filed a memorandum responding to the factual and legal assertions in the Petition, including petitioner's assertion that his detention violates the Due Process Clause of the Fifth Amendment. *See* Respts' Return to the Habeas Pet. 23–26, ECF No. 9. On March 17, 2026, petitioner filed a reply in support of his Petition. Ltr. Reply to Respts' Mem., ECF No. 10. On March 19, 2026, the Petition was referred to the undersigned as the Miscellaneous Duty Judge for the week of March 22, 2026. *See* ECF Order dated Mar. 19, 2026.

Accordingly, in light of the referral to the undersigned and respondents' response to the OTSC, it is hereby:

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, respondents are **ENJOINED** from moving petitioner to a location outside the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act[,] 28 U.S.C. § 1651[,] authorizes a federal court to protect that jurisdiction.");[2] *Garcia-Izquierdo v. Gartner*, No. 04-cv-07377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-cv-01935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim);

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Y.G.B. v. Almodovar*, No. 25-cv-06244 (E.D.N.Y. Nov. 19, 2025), ECF No. 12 at 2 (same); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal);

**ORDERED**, that respondents shall submit a letter, by **Friday, March 20, 2026, at 5:00 p.m.**, stating whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026), or any other decision of this Court. If respondents take the position that the present case is not materially different from one or more of the Court's prior decisions, respondents shall further state whether respondents consent to the issuance of the writ, subject to preservation of respondents' arguments for appeal;

**ORDERED**, that if respondents take the position that the present case is materially different from each of the Court's prior decisions, respondents are directed to file, under seal if necessary, any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in their submission not yet filed by petitioner, and records indicating whether any property was seized from petitioner at the time of arrest, no later than **Monday, March 23, 2026 at 5:00 p.m.**;

**ORDERED**, that if respondents take the position that the present case is materially different from each of the Court's prior decisions, the parties shall appear for a

hearing and oral argument on the petition on **Wednesday, March 25, 2026, at 11:30 a.m.** in Courtroom 2F North before the Hon. Natasha C. Merle.

         **SO ORDERED.**

                    */s/ Natasha C. Merle*
                    NATASHA C. MERLE
                    United States District Judge
                    Miscellaneous Duty Judge the Week of March 22, 2026

Dated:        March 19, 2026
               Brooklyn, New York