UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS A. MURILLO-ABREGO,

*Petitioner,*

– against –

PAM BONDI, *Attorney General of the United States*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*, BRIAN FLANAGAN, *Acting Deputy Field Office Director for ICE in New York City Area*,

*Respondents.*

**ORDER**
26-cv-01358 (RPK)

**NATASHA C. MERLE**, United States District Judge:

On March 9, 2026, petitioner, through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that he is being detained by respondents in violation of his constitutional and statutory rights. Petitioner is currently being detained by respondents at Delaney Hall Detention Facility in Newark, New Jersey. Resp'ts Letter dated Mar. 20, 2026 ("Response") 2, ECF No. 12.[1] Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶¶ 9–10. For the reasons discussed below, the petition is **GRANTED**.

**BACKGROUND**

Petitioner is a native of El Salvador who has lived in the United States since August 2006. Pet. ¶ 1. Petitioner has a pending I-589 Application for Asylum and Withholding of

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Removal but is currently in removal proceedings. Pet. ¶ 3. Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") on March 7, 2026, Pet. ¶ 2, and is currently being held by respondents at the Delaney Hall Detention Facility, Resp. 2. He commenced the instant action on March 9, 2026 by filing a petition for a writ of habeas corpus. *See* Pet.

On March 19, 2026, the presiding district court judge, the Honorable Rachel P. Kovner,  referred the petition to the undersigned as the Miscellaneous Duty judge for the week of March 22. *See* Docket Order dated Mar. 19, 2026. The same day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y-C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y), or any other decision of this Court. Scheduling Order 3, ECF No. 11. The government filed a response stating that petitioner is being detailed under 8 U.S.C. § 1225(b)(2)(A). Resp 2. The response further stated that "[w]hile [r]espondents respectfully disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions would control the result in this case if the Court adheres to those decisions, as the facts of this case are materially indistinguishable from those cases, and respectfully submit that the Court can decide this matter without a hearing." Resp. 3.

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of

the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C.

§ 2241(c)(3)).[2] Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas

corpus claims by noncitizens challenging the constitutionality of their detention."

*Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420,

at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir.

2020)).

### DISCUSSION

Petitioner contends, among other arguments, that he is being detained in violation

of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality

Act. Pet. ¶¶ 36–43.[3] The government concedes that the instant case is materially

indistinguishable from the Court's prior decisions in *Y-C-* and *Crespo Tacuri*. Resp. 3. The

only substantive points that the response offers are that (1) some district judges in New

York as well as the Fifth Circuit Court of Appeals have ruled in favor of the government in

similar cases, Resp. 3 n.3; and (2) the government has an upcoming oral argument before

the Second Circuit Court of Appeals in a similar case, Resp. 4 n.4. The Court finds that

neither of these points undermines the reasoning of the Court's prior opinions.

Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which

the Court incorporates here by reference, the Court concludes that petitioner is being

unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3]    The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 44–46.

under the Fifth Amendment.4 *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2; *Meza-Figueredo v. Bondi*, No. 26-cv-01320, 2026 WL 673279 (E.D.N.Y. Mar. 10, 2026).

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on March 24, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering

---

4    For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Respondents' March 23, 2026 deadline to file further records and the hearing scheduled for March 25, 2026 are hereby adjourned sine die.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

 /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:       March 23, 2026
             Brooklyn, New York

5